IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TODD RICKS, | § | |
| Petitioner, | § | |
| V. | § | |
| | § | |
| WARDEN, FCI BASTROP, | § | A-19-CV-1041-LY-ML |
| Respondent. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

Before the court are Todd Ricks's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. #1), the Government's Response and Motion to Dismiss (Dkt. #11), and Ricks's Reply in Opposition to Government's Response and Motion to Dismiss (Dkt. #13).[1]  Having considered the entire case file, the applicable law, and determining that a hearing is not necessary, the Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

I.      BACKGROUND

Ricks is serving a lengthy sentence for drug and firearm crimes. *United States v. Ricks*, 756 F. App'x 488 (5th Cir. 2019). His sentence was enhanced under 18 U.S.C. § 924(e) of the Armed Career Criminal Act (ACCA), based on prior convictions for Texas burglaries that were deemed

---

[1] Also before the court is Ricks's Request for Status on Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. #15). This Report and Recommendation also serves as a response to that request.

"violent felonies" under § 924(e)(2)(B)(ii). *Id.* at 488-89. The Fifth Circuit affirmed the conviction and sentence and denied Ricks's first 28 U.S.C. § 2255 motion. *Id.* at 489.

After *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015), Ricks moved for and was granted authorization to file a successive § 2255 motion.  *Id.*  The district court denied the motion on the merits and applied the Fifth Circuit's then-controlling precedent holding that Texas burglary was generic burglary as contemplated by § 924(e)(2)(B)(ii). *Id.* (citing *United States v. Uribe*, 838 F.3d 667, 670-71 (5th Cir. 2016), overruled by *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc)).  Shortly thereafter, the Fifth Circuit overruled *Uribe* and held that Texas burglaries were not generic burglaries and thus could not be used to enhance sentences under § 924(e). *Id.* (citing *Herrold*, 883 F.3d at 520-21, 529).  The Fifth Circuit therefore granted Ricks a certificate of appealability (COA) on whether "he no longer qualifies for ACCA sentencing as a result of changes in the law concerning ACCA predicate offenses, particularly the classification of Texas burglary offenses." *Id.*  The Fifth Circuit dismissed his successive § 2255 after determining the sentencing court imposed the ACCA enhancement but did not rely on the residual clause that *Johnson* invalidated.  *Id.* at 489-90.

## II.   PRESENT HABEAS PETITION

Ricks again challenges the application of the ACCA enhancement § 2241 through the "savings clause" of § 2255(e).  Ricks presents two issues for review:

> 1. Whether, in light of *Descamps v. United States*,133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), Ricks's prior convictions do not qualify him as an Armed Career Criminal, requiring resentencing without the ACCA enhancement.

> 2. Whether, in light of *Dean v. United States*, 137 S. Ct. 1170 (2017), the District Court erred in concluding that it could not vary from the Guidelines range based on the mandatory minimum sentences Ricks would receive under § 924(c).

Dkt. #1-1 at 2.

### III.   APPLICABLE LAW

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *Id*. A motion under § 2255, by contrast, is the vehicle for attacking errors that occurred "at or prior to sentencing." *Id*. A § 2255 motion must be filed in the court that sentenced the defendant. *Id*. The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Id*. at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id*.

However, § 2255 contains a "savings clause," which acts as a limited exception to this general rule:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). Under § 2255's savings clause, "a section 2241 petition that seeks to challenge a federal sentence or conviction—thereby effectively acting as a section 2255 motion—may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." *Pack*, 218 F.3d at 451.

"[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy." *Pack*, 218 F.3d at 453. Similarly, "the inability to

meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).  Rather, in *Reyes-Requena v. United States*, the Fifth Circuit explained § 2255 is inadequate or ineffective when:

> (1) the [§ 2241] petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion; and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense.

*Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (internal quotations omitted) (restating the standard set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

Unlike a second a second or successive motion under § 2255(h), which requires "a new rule of constitutional law, *made* retroactive to cases on collateral review *by the Supreme Court*," "the retroactivity element of [the] savings-clause analysis is not tethered to a similar statutory limitation." *Santillana v. Upton*, 846 F.3d 779, 783 (5th Cir. 2017); 28 U.S.C. § 2255(h) (emphasis added).  "[P]recedent requires only that a § 2241 petition be based on a 'retroactively applicable Supreme Court decision,' without specifying that the Supreme Court must have made the determination of retroactivity." *Santillana*, 846 F.3d at 783 (quoting *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010)).  "[N]ew decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively." *Garland*, 615 F.3d at 396 (citing *United States v. McPhail*, 112 F.3d 197, 199 (5th Cir. 1997)); *see also Bousley v. United States*, 523 U.S. 614, 620-21 (1998). "[A] decision is 'substantive, non-constitutional[,] . . . concerning the reach of a federal statute,' if it 'articulates the substantive elements that the government must prove to convict a person charged under the statute.'" *Garland*, 615 F.3d at 397 (quoting *McPhail*, 112 F.3d at 199).

**IV.    ANALYSIS**

Relying on *Descamps v. United States*, 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and ultimately the Fifth Circuit's en banc decision in *Herrold*, 883 F.3d at 520-21, 529, which held Texas burglaries were not generic burglaries and thus could not be used to enhance sentences under § 924(e), Ricks contends his prior convictions do not support his ACCA enhancement.

However, the Supreme Court vacated and remanded the Fifth Circuit's en banc *Herrold* decision, *United States v. Herrold*, 139 S. Ct. 2712 (June 17, 2019).  Just days before Ricks filed this § 2241, the Fifth Circuit decided *United States v. Herrold*, 941 F.3d 173 (5th Cir. Oct. 18, 2019), on remand from the Supreme Court.  Following the Supreme Court's decisions in *Quarles v. United States*, 139 S. Ct. 1872 (2019), and *United States v. Stitt*, 139 S. Ct. 399 (2018), the Fifth Circuit held that Texas's burglary statute is generic, indivisible, and qualifies for enhancement under the ACCA.  941 F.3d at 177, 182 ("We hold that Section 30.02(a)(3) is generic—and Herrold's three prior felonies are therefore qualifying predicates for a sentence enhancement under the ACCA.").  Accordingly, Ricks's argument that his prior burglary convictions do not support his ACCA enhancement fails, and he has not shown he was convicted of a non-existent offense. *See Santillana*, 846 F.3d at 782 (restating the standard set forth in *Reyes-Requena*, 243 F.3d at 904).

Ricks also argues that under *Dean v. United States*, 137 S. Ct. 1170 (2017), the District Court erred in concluding that it could not vary from the Guidelines range based on the mandatory minimum sentences Ricks would receive under § 924(c).  The Government argues that since *Dean* addressed the issue of sentencing both an underlying offense and a 924(c) offense, it does not raise the issue of whether he was convicted of a nonexistent offense and therefore fails to present a

cognizable issue under the savings clause.  Dkt. #11 at 4.  Ricks does not respond to the Government's argument in his reply brief.  Dkt. #13.

Ricks has failed to show that the argument that won in *Dean*, and that he now seeks to assert here, was previously foreclosed to him under Fifth Circuit precedent.  Ricks has also failed to show that *Dean* demonstrates he was convicted of a non-existent offense and he is "actually innocent."  Indeed, *Dean* addresses a sentencing judge's discretion; it does not support the argument that Ricks was sentenced for a non-existent offense.  Accordingly, Ricks's argument invoking *Dean* does not satisfy the requirements of the savings clause. *See Santillana*, 846 F.3d at 782 (restating the standard set forth in *Reyes-Requena*, 243 F.3d at 904).

As Ricks cannot show he should be allowed to proceed with his § 2241 petition under § 2255's savings clause, the court must dismiss the petition or convert it to a motion under § 2255. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).  Because Ricks does not have permission to file a successive § 2255 motion, the undersigned recommends the District Court dismiss his petition for lack of jurisdiction. *See Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003); 28 U.S.C. § 2255(h).

## V.    RECOMMENDATIONS

The Magistrate Court **RECOMMENDS** the District Court **DISMISS WITHOUT PREJUDICE** for lack of jurisdiction Todd Ricks's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. #1).

The referral of this case to the Magistrate Court should now be canceled.

## VI.   WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See*

*Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).


SIGNED October 27, 2020

_____

MARK LANE

UNITED STATES MAGISTRATE JUDGE